WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eric Smith, | No. CV 13-00008-TUC-BPV |
| Petitioner, | **ORDER** |
| vs. | |
| Charles L Ryan, et al., | |
| Respondents. | |

Petitioner, Eric Smith, through counsel, filed a Petition for Writ of Habeas Corpus by a Person in State Custody, pursuant to Title 28, U.S.C. § 2254 with Appendix Items 1 through 16 attached. (Doc. 1)[1] Respondents have filed an answer to the petition (Answer). (Doc. 11.) Petitioner has filed a reply (Reply). (Doc. 17.)

In accordance with provisions of Title 28, U.S.C. § 636(c)(1), all parties consented to proceed before a United States Magistrate Judge to conduct any and all further proceedings in this case, including trial and entry of a final judgment, with direct review by the Ninth Circuit Court of Appeals if an appeal is filed. (Doc. 19.)

For the reasons discussed below, the Magistrate Judge denies the Petition for Writ

---

[1] "Doc." refers to the documents in this Court's file.

of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1).

## I.     FACTUAL AND PROCEDURAL BACKGROUND

### A.     Trial Court Proceedings

Petitioner, the victim's stepfather, lived with the victim K., and her mother and two brothers from the time K. was an infant. App. Item 2[2], Reporter's Transcript ("R.T.") 10/07/09, at 168-170. When K. was approximately nine years old, Petitioner began to touch her inappropriately. *Id*. at 173-176. The touching by Petitioner escalated into repeated instances of increasingly-serious sexual contact, including oral sexual contact and digital and penile penetration. *Id*. at 174-188. Just before K. turned 14 years old, K. confronted Petitioner and told him she wanted it to stop. *Id*. at 188, 190. Petitioner complied. *Id*. at 190. A short time after the contact stopped, when K. was around 15 years old, K. reported the conduct to her mother, her mother's friend, and her brother, *id*. at 207; App. Item 3, R.T. 10/08/09, at 15-16, 60, but later recanted the allegations and the police were never alerted. R.T. 10/08/09, at 15, 45, 48-49, 61-62.

Several years later, when K. was 17 years old, Petitioner filed for divorce from K.'s mother. R.T. 10/07/09, at 195; R.T. 10/08/09 at 138-39. K. and her mother obtained an order of protection against Petitioner shortly after Petitioner filed for divorce. R.T. 10/07/09, at 208. On February 2, 2009, K. informed the police that Petitioner had violated the order of protection.  R.T. 10/08/09, at 8-9. At that time, K. also informed police about Petitioner's earlier sexual contact. R.T. 10/07/09, at 193; R.T. 10/08/09, at 9-10. With the

---

[2] Unless otherwise noted, the Appendix Items attached to the Petition are referenced throughout as "App. Item ___."

assistance of the police, K. made a confrontation call to Petitioner. R.T. 10/07/09, at 194; R.T. 10/08/09 at 20. The call was recorded and later played to the jury. R.T. 10/07/09, at 194; R.T. 10/08/09 at 20-22. During the call, K. never directly accused Petitioner of molesting her, but when she stated she didn't understand why "it" had happened to her, Petitioner responded that K. "did not do anything, It wasn't [her] fault" and that Petitioner was "sick, I'm sick, I got a problem." R.T. 10/08/09, at 152. Petitioner also told K. in the call that "I never did that with anybody else. I never wanted to do it with anybody else and I don't know why. And I can't go to therapy and talk about it either." *Id*. at 154. Petitioner testified that during the call these statements were made in reference to the divorce, having a girlfriend while they were still married, and leaving the family. *Id*. at 153.

At trial, over the hearsay objection of defense counsel, an acquaintance of K.'s in middle school, Joshua Rodriguez, was called by the state as a rebuttal witness. R.T. 10/08/09 at 96-98, 210. Rodriguez testified that in middle school, around the ages of 12 or 13 years old, Rodriguez  and K. were "boyfriend girlfriend" and at that time K. told Rodriguez that her father had raped her. *Id*. at 212-213. The trial court denied Petitioner's request to impeach Rodriguez with his prior conviction for possession of drug paraphernalia. *Id*. at 98-102.

On October 09, 2009, after a three-day jury trial, Petitioner was convicted of five counts of sexual conduct with a minor and two counts of child molestation. App. Item 5,

R.T. 10/09/09 at 154-156; App. Item 8, Memorandum Decision, ¶ 1.[3] The trial court sentenced him to consecutive, mitigated prison terms totaling 113 years. App. Item 8, ¶ 1.

### B.    Appeal

On April 20, 2010, Petitioner, through counsel, filed a direct appeal alleging the trial court violated Petitioner's Fifth, Sixth and Fourteenth Amendment rights by (1) allowing the state to call Joshua Rodriguez as a rebuttal witness; (2) allowing the State to introduce inadmissible, hearsay testimony from two witnesses; and (3) prohibiting defense impeachment of a key witness. App. Item 5, Opening Brief. On September 20, 2010, the Arizona Court of Appeals affirmed Smith's convictions and sentences in a memorandum decision. App. Item 8.

Petitioner filed a motion for reconsideration, (App. Item 9), that the trial court denied on October 12, 2010. App. Item 11. Smith filed a petition for review before the Arizona Supreme Court on November 2, 2010. App. Item 12. The Arizona Supreme Court denied review on March 15, 2011. App. Item 14.

### C.    Petition for Post-Conviction Relief

On May 18, 2011, Smith filed a notice of post-conviction relief. App. 15. In an order dated December 28, 2011 but filed on January 3, 2012, the trial court denied post-

---

[3] Statements drawn from the state appellate court's decision are afforded a presumption of correctness that may be rebutted only by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1)("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."); *Wainright v. Witt*, 469 U.S. 412, 426 (1985)(state court's findings are entitled to a presumption of correctness); *State v. Runningeagle*, 686 F.3d 758, 762, n.1 (9th Cir. 2012)(statement of facts drawn from the state appellate court's decision is afforded a presumption of correctness that may be rebutted only by clear and convincing evidence); *Moses v. Payne*, 555 F.3d 742, 746 n. 1 (9th Cir. 2009)(same).

conviction relief, noting Petitioner's failure to file a petition pursuant to *Montgomery v. Sheldon*, 181 Ariz. 256 (1995). App. Item 16. Petitioner did not appeal the trial court's ruling.

### D.   Federal Proceedings

On January 3, 2013, Petitioner filed this federal habeas corpus petition. (Doc. 1) Petitioner raises three grounds for relief. He contends that the trial court violated his Fourteenth Amendment due process rights by permitting the State to present Joshua Rodriguez as a rebuttal witness (Ground One), prohibiting the defense from impeaching Joshua Rodriguez with a prior criminal conviction (Ground Two), and allowing the State to present inadmissible hearsay from two witnesses (Ground Three).

## II.   DISCUSSION

### A.   Standard of Review

Because Smith filed his petition after April 24, 1996, this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254(d) ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997) (holding that AEDPA governs federal habeas petitions filed after the date of its enactment, April 24, 1996).

### B.   The Petition is timely.

A one year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1).

The running of this one-year statute of limitations on habeas petitions for state convictions is tolled during any period when "a properly filed application for state post-

conviction or other collateral review with respect to the pertinent judgment or claim is pending" in any state court. *See* 28 U.S.C. § 2244(d)(2). Thus, the statute of limitations is tolled during the pendency of a state court action for post-conviction relief. 28 U.S.C. § 2244(d)(2).

An application contemplated by section 2244(d)(2) is properly filed "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (footnote omitted). The United States Supreme Court has held that untimely state post-conviction petitions are not "properly filed" under AEDPA, and do not toll AEDPA's statute of limitations. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005).

Smith had until one year after his conviction and sentence became final to file his federal petition. Respondents assert that Petitioner had until December 28, 2012 in which to file his habeas petition, and thus, his Petition filed on January 3, 2013 is untimely. The undersigned disagrees, and finds that, pursuant to the AEDPA, the Petition filed in this Court is timely.

### 1. Limitation Period Under § 2244(d)(1)(A)

Petitioner's conviction and sentence became final on June 13, 2011, ninety (90) days after his direct appeal was denied by the Arizona Supreme Court on March 15, 2011, when the time for filing a petition for a writ of certiorari from the United States Supreme Court expired. *See* 28 U.S.C. § 2244(d)(1)(A); Sup.Ct.R. 13; *Wixom v.*

1   *Washington*, 264 F.3d 894, 897 (9th Cir. 2001)(judgment becomes final either by the

2   conclusion of direct review by the highest court, including the United States Supreme

3   Court, or by the expiration of the time to seek such review). Accordingly, Petitioner was

4   required to file his petition for writ of habeas corpus within 1 year of the date his

5   convictions became final, *i.e.*, one year from June 13, 2011, absent statutory tolling.

6

7                            2.    *Statutory Tolling*

8                      i.    **Petition for Post-Conviction Relief**

9

10          The limitations period was tolled immediately by the pendency of Petitioner's

11   state petition for post-conviction relief. *See* 28 U.S.C. § 2244(d)(2). There was no gap

12   between the conclusion of direct review, and Smith's properly filed notice of petition for

13   post-conviction review. *See Isley v. Arizona Dept. of Corrections*, 383 F.3d 1054 (9th Cir.

14   2004) (State petition is "pending" within the meaning of 28 U.S.C. § 2244(d)(2) when

15   properly filed notice of post-conviction relief is filed). Thus, the issue is not when direct

16   review became final under § 2244(d)(1)(A), rather, this Court must determine how long

17   Smith's petition for post-conviction relief was "pending" for purposes of tolling the

18   limitations period pursuant to § 2244(d)(2).

19

20

21          Respondents assert that the limitations period was statutorily tolled by the

22   pendency of Smith's post-conviction proceedings until the trial court denied the petition

23   for post-conviction relief on December 28, 2012. The Court disagrees. Respondents did

24   not address this issue, and cited no authority for their assertion that the date of the final

25   decision of the trial court is the date of the minute entry ruling, not the date the ruling was

26   entered or filed.

27

28

In Arizona, a motion for rehearing following the dismissal of a petition filed pursuant to Rule 32 must be filed "within fifteen days after the ruling" by the trial court on the petition. Rule 32.9(a). A petition for review must be filed within 30 days "after the final decision of the trial court on the petition for post-conviction relief or the motion for rehearing." Rule 32.9(c). The Arizona courts have determined that the applicable time period are triggered by "the ruling of the court" and commence not upon the date of the minute entry, but "upon the mailing by the clerk of the trial court's rulings." *State v. Byers*, 126 Ariz. 139, 142, (App.1980), *overruled on other grounds*, *State v. Pope*, 130 Ariz. 253 (1981). In the absence of an affirmative showing of a mailing date, the presumption under Rule 35.6, Arizona Rules of Criminal Procedure, would be that the mailing occurred on the date the order was entered. *Id*. "Shall enter" and "shall be filed" are synonymous legal terms and have the same legal meaning. *See e.g. Allen v. Allen*, 129 Ariz. 112 (App. 1981) (discussing difference between rendition of a judgment or the act of pronouncing its judgment, and the entry or filing of the judgment, which is the act of the clerk in writing it upon the records) (quoting *American Sur. Co. of N.Y. v. Mosher*, 48 Ariz. 552, 561-562 (1936)).

This approach was taken by the Court of Appeals in *State v. Garcia*, when it determined that the controlling date for purposes of filing a petition for review from the trial court's denial of a motion for reconsideration was not the date of the minute entry, June 19, 1985, but was rather the mailing date, August 2, 1985, and held that the petition for review filed on August 7, 1985 was timely. 152 Ariz. 245, 246 (App. 1986) *disapproved of on other grounds*, *State v. Slemmer*, 170 Ariz. 174, 823 P.2d 41 (1991).

Thus, in the absence of a clear indication of a mailing date, the Court determines that the final decision of the trial court is determined by reference to the filing date of the minute entry, January 3, 2012. Thus, the one year limitations period was tolled until January 3, 2012, the date the trial court's ruling denying the petition was filed. The clock under AEDPA began to run on January 4, 2012, and expired one year later on January 4, 2013. Petitioner filed his pending Petition on January 3, 2013. (Doc. 1.) Accordingly, the Court finds that the Petition is timely.

C.    The claims are cognizable

Respondents argue Petitioner's claims are not cognizable on federal habeas review because they all assert error under state law in the admission or preclusion of evidence. Answer, at 9 (citing *Walters v. Maass*, 45 F.3d 1355, 1357 (9th Cir. 1995) ("A state court's procedural or evidentiary ruling is not subject to federal habeas review unless the ruling violates federal law, either by infringing upon a specific federal constitutional or statutory provision or by depriving the defendant of the fundamentally fair trial guaranteed by due process.")

A federal habeas petition must be founded upon assertions that the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. All three of Petitioner's claims assert that he is in custody in violation of the Fourteenth Amendment due process clause of the U.S. Constitution. *See* Doc. 1, at 25, 32, 35-36. That Petitioner also asserts that evidence was admitted or excluded in violation of state evidentiary rules does not vitiate the federal nature of the claim.

D.    The claims are exhausted.

Petitioner asserts trial court violated Petitioner's Fourteenth Amendment right to due process (1) when the court allowed the State to present Joshua Rodriguez as a rebuttal witness (Ground One); (2) when the court prohibited defense counsel from impeaching Joshua Rodriguez (Ground Two); and (3) by allowing the State to present inadmissible hearsay from two prosecution witnesses over defense objection. Respondents assert that Grounds One and Three were not fairly presented to the state courts. Petitioner concedes that Ground Two is "arguably exhausted."

A writ of habeas corpus may not be granted unless it appears that a petitioner has exhausted all available state court remedies. 28 U.S.C. § 2254(b)(1); *see also Coleman v. Thompson*, 501 U.S. 722, 731 (1991). To exhaust state remedies, a petitioner must "fairly present" the operative facts and the federal legal theory of his claims to the state's highest court in a procedurally appropriate manner. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); *Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Picard v. Connor*, 404 U.S. 270, 277–78 (1971).

"To exhaust one's state court remedies in Arizona, a petitioner must first raise the claim in a direct appeal or collaterally attack his conviction in a petition for post-conviction relief pursuant to Rule 32 [Arizona Rules of Criminal Procedure]." *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994). The failure to exhaust subjects the petitioner to dismissal. *Gutierrez v. Griggs*, 695 F.2d 1195 (9th Cir. 1983).

A habeas petitioner's claims may be precluded from federal review in two ways. First, a claim may be procedurally defaulted in federal court if it was actually raised in state court but found by that court to be defaulted on state procedural grounds. *Coleman*,

501 U.S. at 729–30. Second, a claim may be procedurally defaulted if the petitioner failed to present it in state court and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Coleman*, 501 U.S. at 735 n. 1; *see also Ortiz v. Stewart*, 149 F.3d 923, 931 (9th Cir. 1998) (stating that the district court must consider whether the claim could be pursued by any presently available state remedy). If no remedies are currently available pursuant to Rule 32, the claim is "technically" exhausted but procedurally defaulted. *Coleman*, 501 U.S. at 732, 735 n. 1; *see also Gray v. Netherland,* 518 U.S. 152, 161-62 (1996).

In Arizona, claims not previously presented to the state courts on either direct appeal or collateral review are generally barred from federal review because any attempt to return to state court to present them would be futile unless the claims fit into a narrow range of exceptions. *See* Ariz.R.Crim.P. 32.1(d)-(h), 32.2(a) (precluding claims not raised on direct appeal or in prior post-conviction relief petitions), 32.4(a) (time bar), 32.9(c) (petition for review must be filed within thirty days of trial court's decision). Because these rules have been found to be consistently and regularly followed, and because they are independent of federal law, either their specific application to a claim by an Arizona court, or their operation to preclude a return to state court to exhaust a claim, will procedurally bar subsequent review of the merits of such a claim by a federal habeas court. *Stewart v. Smith*, 536 U.S. 856, 860 (2002); *Ortiz*, 149 F.3d at 931–32 (Rule 32, Arizona Rules of Criminal Procedure, is strictly followed); *State v. Mata*, 185 Ariz 319, 334-35 (1996) (waiver and preclusion rules strictly applied in PCR proceedings).

Because the doctrine of procedural default is based on comity, not jurisdiction, federal courts retain the power to consider the merits of procedurally defaulted claims. *Reed v. Ross*, 468 U.S. 1, 9 (1984). However, the Court will not review the merits of a procedurally defaulted claim unless a petitioner demonstrates legitimate cause for the failure to properly exhaust the claim in state court and prejudice from the alleged constitutional violation, or shows that a fundamental miscarriage of justice would result if the claim were not heard on the merits in federal court. *Coleman*, 501 U.S. at 750.

Cause is defined as a "legitimate excuse for the default," and prejudice is defined as "actual harm resulting from the alleged constitutional violation." *Thomas v. Lewis*, 945 F.2d 1119, 1123 (9th Cir. 1991); *see Murray v. Carrier*, 477 U.S. 478, 488 (1986) (a showing of cause requires a petitioner to show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule"). Prejudice need not be addressed if a petitioner fails to show cause. *Thomas*, 945 F.2d at 1123 n.10. To bring himself within the narrow class of cases that implicate a fundamental miscarriage of justice, a petitioner "must come forward with sufficient proof of his actual innocence" *Sistrunk v. Armenakis*, 292 F.3d 669, 672-73 (9th Cir. 2002) (internal quotation marks and citations omitted), which can be shown when "a petitioner 'presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Id.* at 673 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)).

Petitioner fairly presented federal claims only if he alerted the state court that his claims rested on the federal Constitution. *See Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th

Cir. 1999) (per curiam) (holding that, when the petitioner failed to cite federal case law or mention the federal Constitution in his state court briefing, he did not alert the state court to the federal nature of his claims). In order to alert the state court to a federal claim, a petitioner must make reference to provisions of the federal Constitution or must cite either federal or state case law that engages in a federal constitutional analysis. *See Lyons v. Crawford*, 232 F.3d 666, 670 (9th Cir. 2000) (holding that state-exhaustion requirements for a habeas claim are satisfied when a petitioner cites federal case law or provisions from the federal constitution or statutes), amended, 247 F.3d 904 (9th Cir. 2001); *Peterson v. Lampert*, 319 F.3d 1153, 1157-58 (9th Cir. 2003) (en banc) (holding that a citation to a state court case that provides a federal analysis "serves the same purpose as a citation to a federal case analyzing such an issue.")

On direct appeal, Petitioner raised the following claims:

> Appellant's rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and under the correlative provisions of the Constitution of the State of Arizona were violated when the trial court allowed the state to present Joshua Rodriguez as a rebuttal witness.
>
> …
> Appellant's rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and under the correlative provisions of the Constitution of the State of Arizona were violated when the trial court allowed the state to present inadmissible hearsay from two witnesses over objection.

(Doc. 1) at 10, 13.

Petitioner "fairly presented" these federal claims to the Court of Appeals by clearly identifying the federal issues as resting on the federal Constitution. *Baldwin*, 541 U.S. 27, (holding that, ordinarily, for a petitioner to "fairly present" federal claims to a

state court, the federal issues must be clearly identified in the state court brief); *Hiivala*, 195 F.3d at 1106; *Lyons*, 232 F.3d at 670. Petitioner "alerted the state court that his claims rested on the federal Constitution." *Fields v. Waddington*, 401 F.3d 1018, 1020–21 (9th Cir. 2005). Petitioner has exhausted the Fourteenth Amendment aspect of Grounds One and Three.

In Ground Two, Petitioner contends that the trial court improperly prevented him from impeaching the State's witness, Joshua Rodriguez, with his felony conviction. Respondents concede that this claim is "arguably exhausted" by Petitioner's assertion of a federal-law basis for the claim in the court of appeals.

## E.   Grounds One and Three are procedurally defaulted.

Respondents assert that the court of appeals applied an express procedural bar to Petitioner's federal claims and thus this Court should not consider them. Petitioner contends that the procedural bar applied by the state court does not constitute an independent and adequate state ground prohibiting federal review of the claims.

Addressing Petitioner's first and third ground for relief, the court of appeals specifically found that Petitioner had waived any federal claims on appeal "for lack of sufficient argument." App. Item 8, at ¶ 9. Respondents contend that the appellate court applied Ariz.R.Crim.P. 31.13(c)(1)(vi) to preclude Petitioner's claim. Under that rule, the appellant's brief must set forth an argument which contains all of his contentions and reasons with respect to the issue presented together with the proper standard of review and citation to relevant authorities. Ariz.R.Crim.P. 31.13(c)(1)(vi).

"Absent showings of 'cause' and 'prejudice,' federal habeas relief will be

unavailable when (1) 'a state court [has] declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement,' and (2) 'the state judgment rests on independent and adequate state procedural grounds.' " *Walker v. Martin*, ––– U.S. ––––, 131 S.Ct. 1120, 1127 (2011)(citing *Coleman*, 501 U.S. at 729-730). The state law ground may be substantive or procedural. *Coleman*, 501 U.S. at 729–730. To be independent, "the state law basis for the decision must not be interwoven with federal law." *LaCrosse v. Kernan*, 244 F.3d 702, 704 (9th Cir. 2001). "To be deemed adequate, the state law ground for decision must be well-established and consistently applied." *Bennett v. Mueller*, 322 F.3d 573, 583 (9th Cir.2003); *see also Poland v. Stewart*, 169 F.3d 573, 577 (9th Cir. 1999) ("A state procedural rule constitutes an adequate bar to federal court review if it was 'firmly established and regularly followed' at the time it was applied by the state court.") (quoting *Ford v. Georgia*, 498 U.S. 411, 424 (1991)).

"Once the state has adequately pled the existence of an independent and adequate state procedural ground as an affirmative defense, the burden to place that defense in issue shifts to the petitioner. The petitioner may satisfy this burden by asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule. Once having done so, however, the ultimate burden is the state's." *Bennett v. Mueller*, 322 F.3d at 584 – 585.

This Court agrees with Respondents assertion that the appellate court declined to address Petitioner's federal constitutional claims because Petitioner failed to comply with

Ariz.R.Crim.P. 31.13(1)(c)(vi). Contrary to Petitioner's assertion that the appellate court was opining about whether Petitioner's presentation of federal claims was adequate for purposes of federal review, this Court finds that the appellate court's determination was not interwoven with federal law, and was based solely on independent state law grounds.

Petitioner does not contend that the rule was not " 'firmly established and regularly followed'...." when it was applied by the state court to Petitioner in September, 2010. *Poland*, 169 F.3d at 577 (quoting *Ford*, 498 U.S. at 424). Nonetheless, a review of state rulings in this regard bolsters the conclusion that the rule was firmly established and regularly followed. *See State v. Bolton,* 182 Ariz. 290, 298 (1995) ("Failure to argue a claim on appeal constitutes waiver of that claim"); *State v. Kemp*, 185 Ariz. 52 (1996) (counsel, to avoid preclusion of issue on appeal, must briefly argue issue in body of brief and list of issues in brief is not adequate);  *State v. Walden*, 183 Ariz. 595 (1995) (defendant waived on appeal issues for which he only included headings within the body of his opening brief and provided text of argument in brief's appendix) *overruled on other grounds by State v. Ives*, 187 Ariz. 102, 108 (1996); *State v. Carver*, 160 Ariz. 167 (1989) (opening briefs must present significant arguments, supported by authority, setting forth appellant's position on issues raised; failure to argue claim usually constitutes abandonment and waiver of that claim).

Petitioner fails to demonstrate cause and prejudice which would excuse the procedural default. Accordingly, the Court concludes that Grounds One and Three are procedurally barred on independent and adequate state grounds, and are thus barred from federal habeas review.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

F.      <u>Ground Two is meritless.</u>

Respondents argue that the court of appeals resolution of this issue, that the trial court's error in the application of state law was harmless, was a matter of state law and is not cognizable on habeas review. Respondents further assert that Petitioner has not shown prejudice under controlling Supreme Court precedent.

Over the hearsay objection of counsel, the trial court allowed Joshua Rodriguez to testify to the victim's prior consistent statements in rebuttal. App. Item 3, R.T. 10/08/09, at 97. Smith's trial counsel argued that he should be allowed to impeach Rodriguez with a prior conviction under A.R.S. § 13-901.01 pursuant to Rule 609 of the Arizona Rules of Evidence. *Id*. at 98-102. The trial court precluded counsel from impeaching Rodriguez's testimony by introducing evidence of his conviction under A.R.S. § 13-901.01. *Id*. at 102-103. The appellate court found that the trial court erred when it precluded Smith from using Rodriguez's prior conviction to impeach his testimony pursuant to Rule 609(a), Ariz. R. Evid. App. Item 8, at ¶13. The appellate court found the error harmless, however, because the facts established by Rodriguez's testimony were uncontested and already in evidence, and thus it would not have affected the verdict. *Id*. at ¶ 16. The appellate court rejected Petitioner's assertion that the admission of Rodriguez's testimony was not harmless because of the "great weight" that the state argued the jury should place on his credibility. *Id*. at ¶ 17.

The appellate court also addressed Petitioner's argument that the trial court's refusal to allow him to impeach Rodriguez with his prior felony conviction was a violation of his constitutional rights. *Id*. at ¶ 18. The court of appeals found that Petitioner

had forfeited his right to seek relief for all but fundamental, prejudicial error because he did not raise his constitutional objection during trial. *Id*. The court of appeals further found that Petitioner did not argue fundamental error, and because the court did not find any fundamental error, the argument was waived. *Id*.

Respondents correctly assert that the court of appeals resolution of the issue, that the trial court's error in the application of state law was harmless, was a matter of state law and is not cognizable on habeas review. State court rulings on issues of state law, including a trial court's evidentiary rulings, are generally not proper grounds for habeas corpus relief. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (internal quotation omitted). Therefore, a violation of Rule 609 cannot, by itself, furnish a basis for habeas relief.

Additionally, the appellate court conducted a harmless error analysis of this trial error under state law. *See* App. Item 8, at ¶ 16 (citing *State v. Green*, 200 Ariz. 496, ¶ 21 (2001); *State v. Doerr*, 193 Ariz. 56, ¶ 33 (1998))[4]. As a state court ruling on an issue of state law, the harmless error analysis is also not amenable to federal review. *See Chapman v. California*, 386 U.S. 18, 21 (1967) ("The application of a state harmless-error rule is . . . a state question where it involves only errors of state procedure or state

---

[4] The state's harmless error standard, applied under state law in reviewing nonconstitutional trial-type errors, is the equivalent of the "beyond a reasonable doubt" standard set forth in *Chapman v. California*, 386 U.S. 18 (1967).

law.")

Nonetheless, as this Court noted above in finding that Ground Two is cognizable, Petitioner's constitutional claim is properly before this Court. Although the state applied a procedural bar to Petitioner's constitutional claim, the state's default ruling was not "independent" of federal law. A state procedural default ruling is "independent" unless application of the bar depends on an antecedent ruling on the merits of the federal claim. *See Ake v. Oklahoma*, 470 U.S. 68, 74–75 (1985); *Stewart v. Smith,* 536 U.S. 856. A state court applying a state procedural bar that is "interwoven" with consideration of federal claims does not bar habeas review. *Coleman,* 501 U.S. at 735l; s*ee also Stewart v. Smith,* 536 U.S. at 860 (noting that, although the rule at issue there "does not require a federal constitutional ruling on the merits, if the state court's decision rested primarily on a ruling on the merits nevertheless, its decision would not be independent of federal law"). A review of pertinent Supreme Court caselaw illustrates that a state court ruling, even on a state procedural issue, that necessarily or actually depends on an antecedent ruling on the merits of a federal claim is interwoven with federal law and therefore not independent. *Nitschke v. Belleque,* 680 F.3d 1105, 1109–10 (9th Cir.), *cert. denied,* 133 S.Ct. 450 (2012).

In this case, the appellate court found that Petitioner had waived his constitutional claim, but proceeded to review for "fundamental, prejudicial error." Such review removes the procedural bar to federal review, because the state's procedural rule is not independent of federal law. *See Walker v. Endell*, 850 F.3d 470, 474-75 (9th Cir. 1987) ("a state appellate court reviewing for plain error reaches the merits of a petitioner's

claim . . .. In reaching its conclusion that there was no plain error, the [state] court conducted a review on the merits . . . effectively lift[ing] the state's procedural bar to [federal] review"); *see also Park v. California*, 202 F.3d 146, 1152-53 (9th Cir. 2000) (state procedural rule providing exception for "fundamental constitutional error," which encompassed federal law, "necessarily made an antecedent ruling on federal law before applying the [state procedural] bar to any federal constitutional claims raised in Park's state habeas petition").

   In reviewing Petitioner's federal claim for fundamental error, the state court faced two questions: first, whether the trial court's denial of Petitioner's request to impeach Rodriguez was federal constitutional error, and, second, whether any such error prejudiced Petitioner. *See State v. Henderson*, 210 Ariz. 561, ¶ 20 (2005) ("To prevail under [fundamental error] review, a defendant must establish both that fundamental error exists and that the error in his case caused him prejudice.") Assuming that the court found constitutional error but deemed it harmless, this Court reviews that determination under *Brecht v. Abrahamson,* 507 U.S. 619 (1993).

   The right to confront witnesses, guaranteed by the Sixth and Fourteenth Amendments, includes the right to cross-examine adverse witnesses to attack their general credibility or show possible bias or self-interest. *Olden v. Kentucky,* 488 U.S. 227, 231 (1988) (per curiam); *Delaware v. Van Arsdall,* 475 U.S. 673, 678–79 (1986); *Davis v. Alaska,* 415 U.S. 308, 316 (1973). A Confrontation Clause violation occurs where the defendant is prevented from investigating "a prototypical form of bias" and "[a] reasonable jury might have received a significantly different impression of [the

witness's] credibility had respondent's counsel been permitted to pursue his proposed line of cross-examination." *Van Arsdall,* 475 U.S. at 680; *see United States v. Jenkins,* 884 F.2d 433, 436 (9th Cir.1989) (explaining that a Sixth Amendment violation will normally be found only if the jury was denied "sufficient information to appraise the biases and motivations of the witness.")(citation omitted).

Although the state court did not explicitly address the question of whether Petitioner's rights under the Confrontation Clause were violated, even where constitutional error is found "in § 2254 proceedings a court must [also] assess the prejudicial impact of constitutional error" under the *Brecht* standard. *Fry v. Pliler*, 551 U.S. 112, 121-22 (2007) (citing *Brecht,* 507 U.S. 619.). This Court is instructed to "apply the *Brecht* test without regard for the state court's harmlessness determination." *Ayala v. Wong*, --- F.3d ---, 2014 WL 707162, *13 (9th Cir. 2014); (citing *Pulido v. Chrones*, 629 F.3d 1007, 1012 (9th Cir. 2010)). Thus, a federal habeas court assesses harmlessness under the *Brecht* standard and "need not conduct an analysis under AEDPA of whether the state court's harmlessness determination on direct review … was contrary to or an unreasonable application of clearly established federal law." *See Merolillo v. Yates*, 663 F.3d 444, 455 (9th Cir.2011), cert. denied, —— U.S. ——, 133 S.Ct. 102 (2012).. Accordingly, habeas relief is not warranted unless the constitutional error had a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht*, 507 U.S. at 623 (internal quotations and citation omitted); *see also Merolillo,* 663 F.3d at 455.

To guide an analysis of "substantial and injurious effect," the Court applies the

five non-exclusive factors propagated by the Supreme Court in *Delaware v. Van Arsdall*, 475 U.S. at 684 (1986)[6]; s*ee Merolillo*, 663 F.3d at 455. "The correct inquiry is whether, assuming that the damaging potential of the cross-examination were fully realized, a reviewing court might nonetheless say that the error was harmless beyond a reasonable doubt." *Van Arsdall*, 475 U.S. at 684. This assessment "depends upon a host of factors ... includ[ing] the importance of the witness' testimony in the prosecution's case, whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points, the extent of cross-examination otherwise permitted, and, of course, the overall strength of the prosecution's case." *Id*. Reviewing these factors, the Court concludes that any violation of Petitioner's Confrontation Clause rights was not prejudicial.

Contrary to Petitioner's assertion, Rodriguez was not a key witness at the trial. The State offered Rodriguez's testimony to rebut Petitioner's suggestions that the allegations that K. was making in 2008 were false and were motivated by her desire to retaliate against Petitioner for divorcing her mother; that K. had been pressured by her mother to bring the allegations of abuse to the police. The testimony was cumulative. Rodriguez was not the only witness to testify that K. had previously made allegations prior to later recanting them. These allegations were also disclosed to a friend of K's mother, Terri Laughlin. R.T. 10/08/09, at 60. Petitioner also admitted that in 2004, K. had made allegations to her brother and her mother, but later recanted them. R.T. 10/08/09, at 135.

Even assuming Rodriguez was completely discredited, the only evidence in the

record was that K. had made earlier allegations of sexual abuse. There was no contradictory testimony concerning prior allegations. Thus, as the appellate court concluded "[b]ecause the facts established by [Rodriguez's] testimony were uncontested and already in evidence, the court's error was harmless because it would not have affected the verdict." App. Item 8, ¶ 16.

The Court further agrees with the appellate court's analysis regarding the "great weight" that the state argued the jury should place on his credibility:

> During closing argument, the state argued to the jurors that the case hinged on whether they believed K. or Smith and that [Petitioner] was the most credible witness because, unlike all the other witnesses, he lacked any interest in the outcome of the case. This argument may have been an improper attempt by the state to boost K.'s credibility with a prior consistent statement, but Smith did not object during closing on that basis. And, in spite of any argument about the witnesses' credibility, the evidence that Smith is actually challenging—that K. had made earlier allegations— already had been admitted. Therefore, we cannot find that the trial court's error would have affected the jury verdict.

App. Item 8, ¶ 17. Aside from the trial court's ruling on Petitioner's motion to impeach Rodriguez with his prior, Petitioner was not limited in any other respect in his cross-examination of Rodriguez. Petitioner now speculates that Rodriguez may have been receiving a benefit from testifying because, as part of Petitioner's plea bargain with the State, other counts against him were dismissed. *See* Petition, at 32. There is no evidence in the record that this is anything more than speculation, or that cross-examination along these lines, had it been sought, would have been precluded by the trial court.

Accordingly, the Court finds that, assuming the preclusion of impeachment of Rodriguez with his prior felony conviction was in violation of the Confrontation Clause,

1
2

it did not have a "substantial and injurious effect or influence in determining the jury's verdict" and thus, Petitioner is not entitled to relief.

3
4

## III.   CERTIFICATE OF APPEALABILITY

5
6
7
8
9
10
11

In the event Petitioner appeals from this Court's judgment, and in the interests of conserving scarce resources that otherwise might be consumed drafting an application for a certificate of appealability to this Court, the Court on its own initiative has evaluated the claims within the Petition for suitability for the issuance of a certificate of appealability. *See* 28 U.S.C. § 2253(c); *Turner v. Calderon*, 281 F.3d 851, 864-65 (9th Cir. 2002).

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Rule 22(b) of the Federal Rules of Appellate Procedure provides that when an appeal is taken by a petitioner, the district judge who rendered the judgment "shall" either issue a certificate of appealability ("COA") or state the reasons why such a certificate should not issue. Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." With respect to claims rejected on the merits, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n. 4, (1983)). For procedural rulings, a COA will issue only if reasonable jurists could debate (1) whether the petition states a valid claim of the denial of a constitutional right and (2) whether the court's procedural ruling was correct. *Id.*

27
28

Upon review of the record in light of the standards for granting a certificate of appealability, the Court concludes that a certificate shall not issue as the resolution of the

petition is not debatable among reasonable jurists and does not deserve further proceedings.

Accordingly,

IT IS ORDERED as follows:

(1)    Petitioner's § 2254 habeas petition (Doc. 1) is DENIED and this case is DISMISSED with prejudice.

(2)    A Certificate of Appealability is DENIED and shall not issue

(3)    The Clerk of the Court shall enter judgment accordingly and close the file in this matter.

Dated this 30th day of May, 2014.

_____
Bernardo P. Velasco
United States Magistrate Judge